UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY BORGES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 1:20-cv-01632-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 22)** |

**I.     Introduction**

Plaintiff Kathy Borges ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income pursuant to Title XVI of the Social Security Act. The matter is before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[1] *See* Docs. 21, 22. After reviewing the record the Court finds that substantial evidence and applicable law support the ALJ's decision. Plaintiff's appeal is therefore denied.

**II.    Factual and Procedural Background[2]**

On January 24, 2018 Plaintiff applied for benefits alleging disability as of December 15, 2016 due to PTSD, bipolar, hepatitis C, history of drug use, coronary heart disease, brain tumors, hypertension, anxiety and seizures. AR 216. The Commissioner denied the applications initially on June 4, 2018 and on reconsideration on September 6, 2018. AR 81, 118.

Plaintiff requested a hearing which was held before an Administrative Law Judge (the "ALJ") on April 15, 2020. AR 32–63. On June 3, 2020 the ALJ issued a decision denying

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. *See* Docs. 9 and 12.

[2] The Court has reviewed the administrative record including the medical, opinion and testimonial evidence, about which the parties are well familiar. Relevant portions thereof will be referenced in the course of the analysis below when relevant to the arguments raised by the parties.

1

Plaintiff's application.  AR 12–31.  The Appeals Council denied review on September 22, 2020. AR 1–6.  On November 17, 2020 Plaintiff filed a complaint in this Court.  Doc. 1.

### III.     The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits.  "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla, but less than a preponderance.  *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and internal quotation marks omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted).  "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a

sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy, given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

### IV. The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date of January 24, 2018. AR 17. At step two the ALJ found that Plaintiff had the following severe impairments: history of cavernous hemangioma with intracranial hemorrhage, resolved; coronary artery disease (CAD) with history of myocardial infarction requiring stent placement; paresthesia of the right upper extremity and post traumatic degenerative changes of the right wrist; post-traumatic stress disorder (PTSD); and, major depressive disorder (MDD). AR 17. The ALJ also determined at step two that Plaintiff had the following non-severe impairments: osteoporosis and history of hepatitis C. AR 17–18. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18–19.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with the following limitations: must avoid even moderate exposure to work hazards; is limited to frequent handling with the right hand; can have no interaction with the general public;

can have no more than occasional interaction with co-workers and supervisors with no tandem job tasks; can perform detailed 3-4 step routines but no complex tasks. AR 19–25. At step four, considering Plaintiff's RFC, the ALJ found that Plaintiff could not perform her past relevant work as a home health aide. AR 25. At step five the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including: routing clerk, production assembler, and mail sorter. AR 25–26. Accordingly, the ALJ found that Plaintiff was not disabled since her application date of January 24, 2018. AR 26–27.

## V. Issues Presented

Plaintiff contends that the ALJ erred in rejecting the opinion of her licensed clinical social worker, LCSW Hubbell, and in rejecting the opinion of the consultative examiner, Dr. Portnoff, both of whom opined that Plaintiff had marked or moderate to marked mental limitations. Br. at 7–9, Doc. 21.

### A. Applicable Law

Before proceeding to step four, the ALJ must first determine the claimant's residual functional capacity. *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96–8p.

A determination of residual functional capacity is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(d)(2) (RFC is not a medical opinion), 404.1546(c) (identifying the ALJ as responsible for determining RFC). "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). In doing so, the ALJ must determine credibility, resolve conflicts in medical testimony and resolve evidentiary ambiguities.

*Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins*, 466 F.3d at 883. *See also* 20 C.F.R. § 404.1545(a)(3) (residual functional capacity determined based on all relevant medical and other evidence). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

For applications filed on or after March 27, 2017, the new regulations eliminate a hierarchy of medical opinions, and provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, when evaluating any medical opinion, the regulations provide that the ALJ will consider the factors of supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the two most important factors and the agency will articulate how the factors of supportability and consistency are considered. *Id.*

### B.   Analysis

On February 11, 2020 Plaintiff's therapist LCSW Hubbell completed a mental residual functional capacity assessment in which he opined that Plaintiff had marked to extreme limitations in 15 out of 20 work related functional areas under the categories of understanding and memory; sustained concentration and persistence; social interaction; and adaptation. AR 670–671. Plaintiff draws specific attention to one marked limitation the LCSW identified under the category of sustained concentration and persistence, namely her ability to "complete a normal workday and

workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," a limitation which she contends the ALJ was unjustified in rejecting. AR 671.

On April 30, 2018, Dr. Portnoff conducted a consultative psychological examination of Plaintiff at the request of the agency. AR 484–88. He opined that Plaintiff had mild to moderate limitations in several areas of mental functioning and moderate to marked limitations in one area of mental functioning, namely her ability to deal with workplace stressors. AR 488. Plaintiff draws specific attention to the moderate to marked limitation in dealing with workplace stressors, a limitation which she contends the ALJ was unjustified in rejecting.

As to Dr. Portnoff's opinion, the ALJ explained as follows:

> Consultative examiner Dr. Portnoff opined the claimant had moderate limitations in her ability to interact with coworkers and public, to complete a normal workday/week, and that she was moderate to markedly impaired in her ability to deal with stress in competitive work environment (Ex. 7F). The undersigned finds this opinion somewhat persuasive. It is generally supported by the claimant's reports of anxiety and PTSD during the exam, pressured speech, and anxious and irritable affect (Ex. 7F). It is also generally consistent with other evidence in the record, which showed the claimant had interpersonal issues due to PTSD. *However, the degree of limitations is inconsistent with other evidence which shows that the claimant had largely unremarkable MSEs as observed by other treatment providers (Exs. 11F, 16F, 15F, 7F).*

AR 23 (emphasis added). As to LCSW Hubbell's opinion, the ALJ explained as follows:

> The undersigned does not find this opinion persuasive. It is not entirely supported by Mr. Hubbell's own treatment notes, which do show the claimant having interpersonal issues due to PTSD, but do not reflect reports or allegations of concentration and memory issues to the degree opined. It is also inconsistent with other evidence in the record, which shows that the claimant had largely unremarkable MSEs as observed by other treatment providers, and had intact concentration and memory during her consultative exam (Exs. 11F, 16F, 15F, 7F).

AR 24–25.

Finally, the ALJ accorded the most weight to the opinions of the non-examining agency psychologists whose opinions she adopted in the RFC:

> The State agency psychological consultants opined the claimant is capable of detailed, 3-4 step routines, but not complex, over the course of normal workday, that she can accept supervision and tolerate coworker contact if superficial and noncollaborative, can interact with the public briefly and infrequently, and is able to adapt to a routine and predictable work environment (Exs. 1A, 3A). The undersigned finds these opinions persuasive. The consultants' opinions are supported by their explanation of the evidence that they considered in determining the claimant's functional limitations. The undersigned also finds that the opinions are consistent with other evidence found in the record. Specifically, treatment notes which do show the claimant having interpersonal issues due to PTSD, having an increase in her mental symptoms when faced with stressors, demonstrating pressured speech, and anxious and irritable affect during her consultative exam, and her reports of anxiety and PTSD, which are all consistent with the above limitations (Exs. 11F, 16F, 15F, 7F).

AR 24. Plaintiff's nine page opening brief provides approximately one page of substantive argumentation in which she critiques the ALJ's analysis for three reasons: 1) it was "vague, conclusory, and ambiguous;" 2) the ALJ "never addressed in her RFC why she believed that Plaintiff was able to complete a work week successfully;" and 3) "The evidence that the ALJ relies upon to support her RFC finding is found in the opinions of Mr. Hubbell and Dr. Portnoff . . . opinions [which] were more consistent with each other than with the opinions of the state psychological consultants." Br. at 8–9, Doc. 21. It is noted that Plaintiff did not file a reply brief.

The Court respectfully disagrees that the ALJ's reasoning was vague, conclusory or ambiguous. Notably, as Plaintiff's claim post-dated the March 27, 2017 regulatory changes, there is no overarching specificity requirement when addressing examining physician's opinions provided the ALJ discusses the regulatory factors of supportability and consistency. *See Johnson v. Comm'r of Soc. Sec.*, No. 219CV02001JDPSS, 2021 WL 1105116 *4 (E.D. Cal. Mar. 23, 2021) (ALJ did not err in dismissing portions of medical opinion "due to a lack of supportability and consistency"); *Kathy Jean T. v. Saul*, No. 20CV1090-RBB, 2021 WL 2156179, at *5 (S.D. Cal. May 27, 2021) (Although prior case law required an ALJ to provide "clear and convincing" or

"specific and legitimate" reasons for discounting a treating or examining opinion, this "measure of deference to a treating physician is no longer applicable under the 2017 revised regulations.").[3]

The ALJ did address the factors of supportability and consistency here. With respect to LCSW Hubbell's opinion concerning Plaintiff's marked limitations in the areas of memory and concentration, the ALJ found them unsupported by LCSW Hubbell's own examination notes which documented no significant deficits in these areas. AR 24–25. The ALJ also found the opinion inconsistent with the other evidence in the record, including unremarkable mental status examinations observed by other treating providers, as well that Plaintiff had intact concentration and memory during her consultative examination.

To that end, the ALJ cited exhibits 7F, 11F, 15F, and 16F (AR 483–88; 582-641; 672-688; 689–739), which included the consultative examination notes and Plaintiff's psychiatric treatment records from Merced Faculty Associates Medical Group. Consistent with the ALJ's description, the consultative examination notes reflect intact immediate and remote memory; the consultative examination notes also reflect adequate concentration, persistence and pace. AR 486. Although the ALJ provided no pin citations to Plaintiff's treatment records (which Defendant did), a review of those records confirms the accuracy of the ALJ's description of the same as largely unremarkable and unsupportive of significant deficits in memory, *See, e.g.*, AR 452 (noting "history for significant anxiety but otherwise normal exam . . ."); AR 589 (reflecting normal recent and remote memory); 637 (reflecting good judgment, normal mood and affect, and full orientation); 678 (same).

The ALJ provided the same reasoning and cited the same records in support of the decision to reject Dr. Portnoff's opinion and to accept the non-examining state agency psychologist's

---

[3] Even applying the specific and legitimate reasoning standard in the absence of the treating physician rule, the level of specificity here was sufficient.

opinions. AR 23–24. Plaintiff does not dispute the accuracy of the ALJ's description of the records or the inferences the ALJ derived therefrom. Nor does Plaintiff cite any countervailing objective evidence (including any findings from the consultative examination) which would support the existence of marked limitations in memory, concentration or handling work related stressors. Rather, Plaintiff relies solely on the opinions of LCSW Hubbell and Dr. Portnoff whose objective findings on examination did not support the existence of those limitations.

Plaintiff also contends that the regulatory factor of consistency counseled in favor of adopting LCSW Hubbell and Dr. Portnoff's opinions because they were more consistent with each other than with the non-examining opinions. This argument falls short. The non-examining state agency psychologists identified no more than moderate limitations in any areas of work-related mental functionality. AR 73, 91. Similarly, Dr. Portnoff identified no more than moderate limitations in any area except one, namely handling work related stressors which he opined Plaintiff was markedly limited as did LCSW Hubbell. AR 488; 671. However, that was the lone area of consistency between LCSW Hubbell and Dr. Portnoff's opinions. LCSW identified marked to extreme limitations in nearly every other area of work-related mental functionality. AR 671. Although Dr. Portnoff agreed with LCSW Hubbell in one respect, the opinions were not otherwise consistent. In the remaining respects Dr. Portnoff's opinion was in fact more consistent with the non-examining opinions who similarly identified nothing beyond moderate limitations.

Moreover, the consistency of an opinion with other opinions of record is not the only type of "consistency" an ALJ may consider. Consistency with the broader objective medical record is equally is important, if not more so. *See* 20 C.F.R. § 404.1520c(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be"). The ALJ appropriately found the marked limitations

identified in the two examining opinions inconsistent with the objective mental status examination findings throughout the record, as explained above. Accordingly, the ALJ appropriately deferred to the opinions of the non-examining state agency psychologists. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (noting that a non-examining opinion may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record.").

Finally, Plaintiff contends with minimal elaboration that the ALJ erred in failing to affirmatively explain "why she believed that Plaintiff was able to complete a work week successfully." Br. at 8. The argument is unpersuasive. An ALJ need not necessarily perform a "function-by-function analysis . . . so long as the RFC is otherwise supported by substantial evidence." *See Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 313 (W.D.N.Y. 2013). Moreover, Plaintiff misconstrues the burden of proof on appeal. Plaintiff's burden of proof extends beyond merely questioning the sufficiency of the ALJ's explanation for excluding certain limitations from the RFC. Rather, Plaintiff has the burden to affirmatively identify evidence justifying the inclusion of such limitations. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) ("The claimant carries the initial burden of proving a disability.") (citation omitted); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability" because the "claimant bears the burden of proving that an impairment is disabling."); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . ."). Plaintiff identifies only subjective opinion evidence on the issue, which the ALJ appropriately found unsupported by any objective mental status examination.

### VI.  Conclusion and Order

For the reasons stated above, the Court finds that substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, Plaintiff's appeal from

the administrative decision of the Commissioner of Social Security is denied.  The Clerk of Court is directed to enter judgment in favor of Defendant Kilolo Kijakazi, Commissioner of Social Security, and against Plaintiff Kathy Borges.

IT IS SO ORDERED.

Dated:   **October 19, 2021**                              **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE